METROPOLITAN EL. RY. CO. *v.* SIEFKE.

*(Supreme Court, General Term, First Department.  June 26, 1891.)*

CONDEMNATION PROCEEDINGS—APPRAISEMENT—STAY.

    In proceedings by a railroad company to condemn easements of which it is already in possession, a stay of proceedings by the commissioners to appraise the value of such easements will not be granted, as the owner's rights may be protected by an application for a stay pending an appeal after the commissioners have reported.

    Appeal from special term, New York county.

    Proceeding by the Metropolitan Elevated Railway Company for the purpose of acquiring title to so much of the easements of light, air, and access appurtenant to a lot of land of one Henry Siefke on the south-east corner of Sixth avenue and West Third street, as has been taken or interfered with by the construction, maintenance, and operation of petitioner's elevated railway.  From an order staying all proceedings pending an appeal by the land-owner from a judgment of condemnation, petitioner appeals.

    Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Davies, Short & Townsend,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellant.   *William Allen,* for respondent.

PATTERSON, J.   In the disposition which we think should be made of this appeal, it is not necessary to pass upon the question as to the proper stage at which to appeal from orders made in applications of this character.   All that has been done thus far is the making of an order appointing commissioners after a trial had before a referee, to whom it was referred to ascertain the facts and report as required by law.   Whether the order appointing the commissioners may be appealed from, or whether there is jurisdiction in the court to entertain an appeal until the award has been made by the commissioners thus appointed, is a matter which it is not necessary to pass upon now; and for the reason that we think, unless some controlling circumstance is presented, or some emergency exists, which actually requires the interposition of the court to prevent the commissioners from proceeding to ascertain the value of the easements sought to be taken, there should be no stay granted. It appears from the record in this case that the railroad company is in possession of certain easements appurtenant to the defendant's land, and that it has instituted the proper proceeding to acquire these easements by due course of law; and all that has been done thus far is to set the machinery of the courts in motion to enable the plaintiff in such due course of law to acquire that property, as to which, now, it stands in the position of a trespasser.   No wrong or injury whatever can happen to the defendant by reason of the appointment of this commission, or its proceeding in the discharge of its duty up to the point of ascertaining and fixing the value, and reporting thereon.   If it becomes advisable, after the commissioners shall have reported, for the defendant to appeal, there will be ample time to entertain a motion for a stay of proceedings.   But, as the parties are situated now, the stay of proceedings merely acts to prevent the plaintiff doing that which the law authorizes it to do, and thus, by the compulsion of the court, it maintains the position of a trespasser as to these easements.   We think the order should be reversed, with costs.   All concur.